UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY GITSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRADER JOE'S COMPANY,<br><br>    Defendant. | Case No. 13-cv-01333-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE**<br><br>Re: Dkt. No. 35 |

## INTRODUCTION

Plaintiffs Amy Gitson, Christine Vodicka and Deborah Ross filed their First Amended Complaint ("FAC") on June 28, 2013, alleging that various of Defendant Trader Joe's Company's products are misbranded or bear misleading labels. Dkt. No. 31. Trader Joe's has moved to dismiss the FAC or, in the alternative, to strike specified paragraphs of the FAC. Dkt. No. 35. Trader Joe's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The FAC states that the plaintiffs' case has "two facets:" *First*, the plaintiffs allege that the packaging and labeling on various Trader Joe's products violate California's Sherman Law, which adopts and incorporates the federal Food Drug & Cosmetic Act ("FDCA").[1] These alleged violations of the Sherman Law give rise to the plaintiffs' first cause of action for violations of the unlawful prong of the California Unfair Competition Law ("UCL"). Bus. & Prof. Code § 17200. *Second*, apart from being unlawful under the Sherman Law, the plaintiffs allege that Trader Joe's

---

[1] "All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state." Cal. Health & Safety Code § 110100(a) ("Sherman Law").

labeling and packaging is misleading, deceptive, unfair and fraudulent. This second facet gives rise to the plaintiffs' second through sixth causes of action for violations of the unfair prong of the UCL (second cause of action), violations of the fraudulent prong of the UCL (third cause of action), misleading and deceptive advertising in violation of the False Advertising Law, Bus. & Prof. Code § 17500, (fourth cause of action), untrue advertising in violation of the False Advertising Law (fifth cause of action), and violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, (sixth cause of action).[2] As stated below, the motion to dismiss is DENIED as to the first facet of the plaintiffs' FAC, comprising the claims under the unlawful prong of the UCL, and GRANTED WITH LEAVE TO AMEND as to the second facet.

The FAC identifies and defines eight specific products allegedly purchased by the plaintiffs as "Purchased Products:" French Village Mixed Berry Nonfat Yogurt, French Village Strawberry Nonfat Yogurt, Greek Style Vanilla Nonfat Yogurt, Organic Chocolate Soy Milk, Dark Chocolate Peanut Butter Salted Caramel Truffles, Organic Lowfat Strawberry Yogurt, Organic Soy Milk and Enchilada Sauce. FAC ¶ 2. The term Purchased Products is not used in the factual allegations or in the causes of action. Instead, the causes of action refer to Misbranded Food Products (*see e.g.,* FAC ¶¶ 14-16, 18, 31, 35), a term not defined anywhere in the FAC. The FAC elsewhere alleges which of the plaintiffs purchased which of the products at issue, but leaves out Organic Chocolate Soy Milk, suggesting that none of the plaintiffs purchased that product. FAC ¶ 95.

The FAC explains that the products at issue fit into three categories, those that allegedly:

1. Are unlawfully and misleadingly labeled with the ingredient evaporated cane juice or

---

[2] The FAC includes a seventh cause of action for Restitution Based on Unjust Enrichment/Quasi-Contract. FAC ¶¶ 173-76. Trader Joe's moves to dismiss this cause of action, arguing that i) restitution is a form of relief; not a freestanding cause of action and ii) it is duplicative of the plaintiffs' other claims. In response, the plaintiffs "agree to dismiss their seventh cause of action without prejudice to re-file it should their other claims be dismissed at some later point in this litigation, rendering a claim for unjust enrichment non-duplicative." Dkt. No 41 at 23. "Restitution based on unjust enrichment/quasi contract does not state an independent cause of action that can stand on its own." *Ang v. Bimko Bakeries USA, Inc.*, No. 13-cv-1196-WHO, slip op. at 18 (N.D. Cal. Sept. 25, 2013). Accordingly, the Court DISMISSES the seventh cause of action WITH PREJUDICE.

2

    organic evaporated cane juice instead of sugar (the "Cane Juice Products");

2. contain added preservatives or artificial colors despite statements on the label stating otherwise (the "No Additives Products"); and

3. are labeled "milk," but do not comply with the standardized definition for milk promulgated by the Food and Drug Administration (the "Soy Milk Products").

FAC ¶ 13. The FAC does not clearly state which of the accused products belong in which category. *See, e.g.,* FAC ¶¶ 43-51 (section entitled "Defendant's Unlawful and Misleading Evaporated Cane Juice Claims" does not identify a single specific product), ¶¶ 73-82 (section entitled "Defendant Violated the Standard of Identity for Milk" identifies only one product).[3] Nor does the FAC specify which category of products relates to any given cause of action. Instead, each cause of action refers to the undefined term Misbranded Products, leaving the Court to cross-reference the various sections of the plaintiffs' 176-paragraph FAC in order to assess the sufficiency of the plaintiffs' allegations.

    With the foregoing in mind, it appears that the plaintiffs allege that Trader Joe's Greek Style Vanilla Nonfat Yogurt, French Village Strawberry Nonfat Yogurt, French Village Mixed Berry Nonfat Yogurt, and Organic Lowfat Strawberry Yogurt are unlawfully and misleadingly labeled with the ingredient evaporated cane juice or organic evaporated cane juice. The plaintiffs advance two theories: i) that the FDA's Standard of Identity for yogurt (21 CFR § 131.200) prohibits the use of evaporated cane juice in yogurt (FAC ¶ 44), and ii) that evaporated cane juice is an uncommon or unusual name for sugar, in violation of 21 C.F.R. §§ 101.3 and 102.5, which "prohibit[] manufacturers from referring to ingredients by anything other than their common and usual names." FAC ¶ 46.

    The plaintiffs' allegations regarding artificial color or preservatives appear to relate to French Village Strawberry Nonfat Yogurt and Dark Chocolate Peanut Butter Salted Caramel

---

[3] The FAC also uses the term "Substantially Similar Products," defined as "Trader Joe's products that (i) make the same label representations, as described herein, as the Purchased Products, (ii) contain the same or most of the same ingredients as the Purchased Produces, and/or (iii) violate the same regulations of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, *et seq.* as the Purchased Products." FAC ¶ 3. The FAC does not use the term Substantially Similar Products after defining it. The Court will not refer to it either.

3

Truffles products. FAC ¶¶54 ("Trader Joe's no coloring or preservatives claims are false because its products contain undisclosed coloring agents and preservatives. For example, the Trader Joe's French Village Strawberry Nonfat Yogurt purchased by the plaintiffs utilized beet juice as an added artificial coloring agent."), 55 ("Similarly, the Trader Joe's Dark Chocolate Peanut Butter Salted Caramel Truffles purchased by Plaintiffs contained tocopherols, a chemical preservative.").

Finally, the plaintiffs' allegations regarding products improperly labeled "milk" presumably apply to Trader Joe's Organic Soy Milk and Organic Chocolate Soy Milk, the only products which could conceivably "represent[] to be a form of milk. FAC ¶¶ 13(c), 82 ("The Plaintiffs were misled by the Defendant's use of the term milk in connection with its soy beverages.").

The FAC makes no allegations about Enchilada Sauce, aside from noting that plaintiff Vodicka purchased it. FAC ¶ 95.

The plaintiffs bring this action on behalf of themselves and a class defined as

> All persons in the United States or, in the alternative, all persons in the state of California who, within the last four years, purchased Defendant's food products 1) labeled with the ingredient, "Evaporated Cane Juice" or "Organic Evaporated Cane Juice;" 2) containing added preservatives or artificial colors; or 3) represented to be a form of milk but failing to satisfy the standard of identity for milk.

FAC ¶ 106.

## LEGAL STANDARD

**A. Motion to dismiss**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), drawing all reasonable inferences from those facts in the nonmoving party's favor. *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint may be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when

1  the pleaded factual content allows the court to draw the reasonable inference that the defendant is
2  liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a
3  complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement.
4  *Id*. (quotation marks and brackets omitted). If a motion to dismiss is granted, a court should
5  normally grant leave to amend unless it determines that the pleading could not possibly be cured
6  by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247
7  (9th Cir. 1990).

8  In addition, when a claim is grounded in fraud, Federal Rule of Civil Procedure 9(b)
9  requires a party to "state with particularity the circumstances constituting fraud or mistake,"
10 including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy*
11 *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). The purpose
12 of Rule 9(b) is to give defendants sufficient notice of the alleged fraudulent conduct so that
13 defendants can adequately defend against the allegations. *Kearns v. Ford Motor Co.*, 567 F.3d
14 1120, 1124 (9th Cir. 2009).

### B. Motion to strike

16 Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an
17 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.
18 Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to avoid the expenditure of
19 time and money that must arise from litigating spurious issues by dispensing of those issues before
20 trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*,
21 510 U.S. 517 (1994). "As with motions to dismiss, when ruling on a motion to strike, the Court
22 takes the plaintiff's allegations as true and must liberally construe the complaint in the light most
23 favorable to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140
24 (N.D. Cal. 2010) (citation omitted). Motions to strike "are generally disfavored because they are
25 often used as delaying tactics and because of the limited importance of pleadings in federal
26 practice." *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001). In most cases, a
27 motion to strike should not be granted unless "the matter to be stricken clearly could have no
28 possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352

1    F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

## DISCUSSION

Trader Joe's moves to dismiss the FAC, arguing that i) the plaintiffs lack standing to assert claims related to products they have not purchased; ii) the plaintiffs have failed to plead their claims with particularity for many of the accused products; iii) the Cane Juice and Soy Milk Claims fail the reasonable consumer test; iv) the FDA does not prohibit the use of evaporated cane juice in yogurt; v) the plaintiffs' claims are preempted to the extent they attempt to indirectly enforce the Food, Drug and Cosmetic Act; and vi) the Cane Juice and Soy Milk Claims should be dismissed or stayed under the primary jurisdiction doctrine. Trader Joe's has also moved to strike certain allegations as immaterial. The Court addresses each argument in turn. Because these arguments dispose of the second through sixth causes, but not the first cause of action (alleging violations of the unlawful prong of the UCL), the Court separately addresses that cause of action.

### A. Standing to assert claims related to products not purchased by the plaintiffs

In addition to the specific Trader Joe's product purchased by the plaintiffs, the plaintiffs purport to represent a class of people who have purchased other unspecified Trader Joe's products. FAC ¶ 106. Trader Joe's argues that the plaintiffs lack standing to assert claims based on these products as the plaintiffs did not purchase these products and have suffered no injury from these products. The plaintiffs respond that whether they can represent a class of people who bought different products is a question for class certification; not a standing issue. The Court need not address the plaintiffs' standing to assert claims regarding products they did not purchase at this time. As described below in section B(i), the plaintiffs' failure to identify these products in any meaningful way dooms their efforts to bring those products into this action.

### B. Failure to plead claims with particularity

The plaintiffs allow that their causes of action, other than the cause of action under the unlawful prong of the UCL, are grounded in fraud and thus subject to the heightened pleading requirements of Rule 9(b). Dkt. No. 41 at 11 ("while Defendant is correct that some of Plaintiffs' claims sound in fraud, not all of them do, i.e., Plaintiffs' claim that Defendant sold illegal products which implicates the UCL's 'unlawful' prong"). The plaintiffs' claims regarding the unspecified

6

products, Organic Lowfat Strawberry Yogurt and Enchilada Sauce, and the No Additives claims are not pleaded with the particularity required under Federal Rule of Civil Procedure 9(b) and the second through sixth causes of action as to these products are dismissed with leave to amend.

### 1. Unspecified Products

The plaintiffs purport to represent a class of people who have purchased unspecified Trader Joe's products:

1) labeled with the ingredient, evaporated cane juice or organic evaporated cane juice;

2) containing added preservatives or artificial colors; or

3) represented to be a form of milk but failing to satisfy the standard of identity for milk"

(collectively, the "Unspecified Products"). FAC ¶ 106. These categories mirror the categories of the specific products purchased by the plaintiffs, but the plaintiffs have pleaded no facts regarding the Unspecified Products, such as what their labels state or even what kinds of products these categories include. As a result, the allegations as to the Unspecified Products do not meet the heightened pleading requirements of Rule 9(b) and are dismissed with leave to amend. *See, e.g., Thomas v. Costco Wholesale Corp.*, 12-cv-02908 EJD, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) (dismissing claims as to unspecified products where the allegations "do not provide a clear and unambiguous account of the allegedly fraudulent, deceptive, or misrepresentative statements with the specificity and particularity required by Rule 9"); *Cf Trazo v. Nestle USA, Inc.*, 12-cv-2272 PSG, 2013 WL 4083218, *13 (N.D. Cal. Aug. 9, 2013) (striking class allegations that "encompass all products with labels containing certain key words (i.e., 'health' and 'all natural'), or having certain attributes (having the 'wrong serving size' or containing 'unlawful slack fill'), but does not limit the class to certain product lines that are sufficiently similar in nature").

### 2. Organic Lowfat Strawberry Yogurt and Enchilada Sauce

As Trader Joe's points out, the FAC's only reference to Organic Lowfat Strawberry Yoghurt and Enchilada Sauce is that they were purchased by plaintiff Vodicka. FAC ¶ 95. There is no reference to the labels of these products, let alone any allegation specifying how they are

7

misbranded or misleading. Dkt. No. 35 at 20. The plaintiffs' allegation that they "describe these labels and how they are misleading" does not relieve the plaintiffs of the obligation to actually do so. FAC ¶ 5.

The plaintiffs attempt to cure this deficiency in their Opposition, asserting that Organic Lowfat Strawberry Yoghurt "illegally lists evaporated cane juice as an ingredient" and Enchilada Sauce "contains the unnatural ingredients of maltodextrin and xanthan gum." Dkt. No. 41 at 15. But the plaintiffs cannot rely on new allegations in their Opposition to remedy holes in their complaint. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (internal quotations and citations omitted). The plaintiffs' claims regarding Organic Lowfat Strawberry Yoghurt and Enchilada Sauce are dismissed with leave to amend.

### 3. No Additives Claims

The plaintiffs' allegations regarding artificial color or preservatives relate to the French Village Strawberry Nonfat Yogurt and Dark Chocolate Peanut Butter Salted Caramel Truffles products. FAC ¶¶ 54-55. The plaintiffs allege that French Village Strawberry Nonfat Yogurt "utilized beet juice as an added artificial coloring agent" (FAC ¶ 54) and that Dark Chocolate Peanut Butter Salted Caramel Truffles contain "tocopherols, a chemical preservative." FAC ¶ 55. The plaintiffs allege that they "saw and relied on the Defendants' false representations that all Trader Joe's branded products lacked artificial coloring or preservatives." FAC ¶ 97. But the plaintiffs do not specify any alleged misrepresentations made in connection with either of these products. Instead, the plaintiffs allege generally that

> Trader Joe's falsely pledges to its customers that its customers that its products are free from coloring or preservatives. This pledge is: All Products In The Trader Joe's Label Promise: NO artificial flavors, colors or preservatives.

FAC ¶ 53. The plaintiffs' broad and general allegations do not satisfy Rule 9(b). They do not specify where or when Trader Joe's allegedly made this representation, much less that Trader Joe's made this representation in connection with French Village Strawberry Nonfat Yogurt or

1   Dark Chocolate Peanut Butter Salted Caramel Truffles.  Moreover, the Court's review of the
2   product labels at issue indicates that neither product makes a representation relevant to these
3   allegations.  The label for French Village Strawberry Nonfat Yogurt does not contain any claim
4   about artificial colors or artificial coloring agents.  Dkt. No. 36-3. [4]  The label for Dark Chocolate
5   Peanut Butter Salted Caramel Truffles states "no artificial colors or flavors" (Dkt. No. 36-12), but
6   the plaintiffs' allegation is that the truffles contain "tocopherols, a chemical *preservative*," not that
7   they contain artificial colors or flavors.  FAC ¶ 55 (emphasis added).

8   The plaintiffs' allegation that Trader Joe's "website and all linked websites constitute the
9   labeling of any product bearing this web address" does not save this claim.  *Id.* ¶ 11; *see also id.* ¶
10  57 ("Defendant has also made the same illegal claims on its websites and advertising in violation
11  of federal and California law.").  Notably, the FAC does not allege that the plaintiffs ever saw
12  Trader Joe's website or what the website states, and the plaintiffs offer no authority for their
13  allegation that "as a matter of law, [Trader Joe's] website and all linked websites constitute the
14  labeling of any product bearing this web address."  Moreover, based on the Court's review, the
15  product labels at issue do not reference Trader Joe's website.   The No Additives Claims thus do
16  not satisfy Rule 9(b) and are dismissed with leave to amend.

17  **C.  The Cane Juice and Soy Milk Claims fail the reasonable consumer test.**

18  Claims under the UCL, FAL and CLRA are governed by the "reasonable consumer" test
19  "which focuses on whether members of the public are likely to be deceived."[5]  *Werbel ex rel. v.*
20  *Pepsico, Inc.*, 09-cv-04456 SBA, 2010 WL 2673860, *3 (N.D. Cal. July 2, 2010) (citing *Williams*
21  *v. Gerber Prods. Co.,* 552 F.3d 934, 938 (9th Cir. 2008)).  Whether a business practice is likely to
22  deceive members of the public generally presents a question of fact, but "where a court can

---

[4] The Court grants Trader Joe's unopposed request that the Court take judicial notice of the product labels at issue.  Dkt. No. 36.  The labels are incorporated by reference into the FAC and the plaintiffs have not opposed Trader Joe's request to take judicial notice or otherwise disputed that these are the labels referenced in the FAC.  *See, e.g., Samet v. Procter & Gamble Co.,* 12-cv-01891 PSG, 2013 WL 3124647, *2 (N.D. Cal. June 18, 2013) (taking judicial notice of food product labels at motion to dismiss stage).

[5] As noted below, the reasonable consumer test does not apply to the plaintiffs' claims under the unlawful prong of the UCL predicated on Sherman Law violations.

9

1  conclude as a matter of law that members of the public are not likely to be deceived by the product
2  packaging, dismissal is appropriate." *Werbel*, 2010 WL 2673860, *3.

### 1. The reasonable consumer test applies to the plaintiffs' claims.

The plaintiffs cite *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157, 104 Cal. Rptr. 3d 329, 339 (2010) for the proposition that "the reasonable consumer standard doesn't apply when the product at issue is unlawful to sell or possess." Dkt. No. 41 at 16. The plaintiffs are mistaken. *In re Steroid Hormone Prod.* explicitly applied the reasonable person standard and found that it had been satisfied because a reasonable person would not knowingly purchase a Schedule III controlled substance, [6] which is illegal to possess without a prescription. 181 Cal. App. 4th at 157, 104 Cal. Rptr. 3d at 339 ("the question that must be answered in this case is *whether a reasonable person would find it important* when determining whether to purchase a product that it is unlawful to sell or possess that product") (emphasis added). That is a far cry from this case. The plaintiffs are alleged to have purchased mislabeled food products, not Schedule III controlled substances. The Court will not presume that a reasonable person would not have purchased the products at issue had the person known of the alleged mislabeling.

### 2. Soy Milk Claims

The plaintiffs allege that they were misled to believe that Organic Soy Milk complies with the FDA's standardized definition of milk: "the lacteal secretion, practically free from colostrum, obtained by the complete milking of one or more healthy cows," and that Organic Soy Milk provides comparable quality, taste, and nutritional benefits as cow's milk. FAC ¶¶ 75-77, 82; 21 C.F.R. § 131.110. Trader Joe's argues that a reasonable consumer could not have been misled that the Organic Soy Milk actually contains "lacteal secretions from healthy cows" and offers the same qualities as cow's milk because i) the label for Organic Soy Milk explicitly states that it is LACTOSE & DAIRY FREE on its front and back and states that soy milk "has become a very popular alternative to dairy milk" (Dkt. No. 36-10) and ii) "soy milk has a well-established meaning separate and apart from the word milk."

---

[6] Schedule III controlled substances are drugs whose abuse "may lead to moderate or low physical dependence or high psychological dependence." 21 U.S.C. § 812(b)(3)(C)

The Court rejects the argument that the term "soy milk," standing alone, is so well-established that a reasonable consumer, as a matter of law, could not believe that it is some type of cow's milk. Indeed, the FDA warning letters advise against using the term at all. But here, the allegedly misleading term is coupled with the explicit disclaimer on the product label that Organic Soy Milk is LACTOSE & DAIRY FREE and is an "alternative to dairy milk." Dkt. No. 36-10. It is not plausible to claim, as the plaintiffs do, that a reasonable consumer would believe that Organic Soy Milk is cow's milk and has the same qualities as cow's milk in light of the prominence of the disclaimer on the label.

The Court is sensitive to the Ninth Circuit's guidance that it is a "rare situation" in which granting a motion to dismiss on a deceptive labeling claim is appropriate. *Williams*, 552 F.3d at 939. However, *Williams* recognized that dismissal is appropriate where "the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id.* In support, *Williams* cited its own opinion in *Freeman v. Time, Inc.*, 68 F.3d 285, 288-89 (9th Cir. 1995), where the court affirmed dismissal of a challenge to a mailer that suggested the plaintiff had won a million dollar sweepstakes where the mailer explicitly stated multiple times that the plaintiff would only win the prize if he had the winning sweepstakes number.

This is one of those rare cases where the accused label itself makes it impossible for the plaintiff to prove that a reasonable consumer is likely to be deceived. Similar to *Freeman*, the packaging at issue here explicitly states that Organic Soy Milk is *not* what the plaintiffs allegedly believed that it was: cow's milk. The packaging states, on its front and back, that Organic Soy Milk is "LACTOSE & DAIRY FREE," and, on its side, that it is an "alternative to dairy milk." Dkt. No. 36-10. In light of this explicit disclaimer, a reasonable consumer could not believe that Organic Soy Milk is cow's milk and has the same qualities as cow's milk. *See also Werbel*, 2010 WL 2673860, *4 (no reasonable consumer would believe that "Crunch Berries," described on the packaging as "sweetened corn and oat cereal" and shown as brightly-colored balls of cereal, are made from real berries); *Videtto v. Kellogg USA*, 08-cv-01324-MCE DAD, 2009 WL 1439086 (E.D. Cal. May 21, 2009) ("fanciful use of a nonsensical word [Froot] cannot reasonably be

11

interpreted to imply that the Product contains or is made from actual fruit").

In opposition, the plaintiffs argue that Food and Drug Administration disagrees that the term soy milk is not misleading because, "[a]s set forth in the various FDA warning letters" excerpted in the FAC, the FDA views the term soy milk "as violating the requirement that food manufacturers like Defendant use the common and usual name of an ingredient." Dkt. No. 41 at 17. The plaintiffs place too much reliance on the FDA warning letters, which are "informal and advisory." FDA Regulatory Procedures Manual § 4-1-1[7]; *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 894 F. Supp. 2d 1285, 1293-94 (E.D. Cal. Sept. 6, 2012) ("FDA warning letters are informal and advisory, and do not amount to an FDA action."). The warning letters form the basis of the Court's opinion that plaintiffs may proceed under the unlawful prong of the UCL, discussed below. But the Ninth Circuit has instructed that the Court must consider the advertising that the consumer would see in order to determine whether a reasonable consumer would be deceived. *See Freeman*, 68 F.3d at 288-89. The warning letters simply do not bear weight in light of the explicit, prominent disclaimer that Organic Soy Milk is LACTOSE & DAIRY FREE and an alternative to dairy.

### 3. Cane Juice Claims

Trader Joe's argues that a reasonable consumer would not believe that the accused products containing evaporated cane juice do not contain sugar, given that each product expressly discloses its sugar content. The Court agrees. The Nutrition Facts section of each product label discloses that each Cane Juice Product has between 24 and 27 grams of "sugars" per serving. *See* Dkt. Nos. 36-3, 36-4, 36-5, 36-8. This defeats the plaintiffs' allegation that they "would not have purchased Defendant's Misbranded Food Products had Plaintiffs known that the Misbranded Food Products contained sugar or dried cane syrup." ¶ 98.

In their Opposition, the plaintiffs state that Trader Joe's "misses the point of Plaintiffs' claim. The issue is not that the product has sugar in it; it's that Defendant has *added* sugar to its product without telling consumers it has done so." Dkt. No. 41 at 18 (emphasis in original).

---

[7] http://www.fda.gov/ICECI/ComplianceManuals/RegulatoryProceduresManual/default.htm

12

1 Trader Joe's is forgiven for misunderstanding the plaintiffs' claim, because the Court has the same
2 confusion. The FAC alleges that the plaintiffs would not have purchased the products if they had
3 known that they contained sugar. FAC ¶ 98. Nowhere does the FAC express any concerns about
4 *added* sugar. Tellingly, the plaintiffs do not actually cite the FAC for this supposed allegation.
5 The plaintiffs will be given the opportunity to assert this allegation in an amended complaint, but
6 the allegation it has asserted in the FAC fails the reasonable consumer test.

### D. Preemption

Trader Joe's argues that "Plaintiffs' state-law claims should be dismissed as preempted to the extent they seek to establish that food labels and advertisements were 'misleading' based on the FDA's warning letters and other guidance materials." Dkt. No. 35 at 31; Dkt. No. 43 at 18 (arguing that the plaintiffs are precluded from asserting that "the FDA's informal interpretations of its own regulations dictate that state false advertising laws have been violated"). Trader Joe's also moves to strike paragraphs 4, 27-42, 47-49, 51, 59-67, 74-76 and 81-82 of the FAC, which relate to the FDA's warning letters and guidance activities.

The plaintiffs' claims are not preempted. To the extent that the plaintiffs' refer to the FDA guidance and warning letter to bolster their arguments that the product labels are misleading, the plaintiffs' claims are in line with the FDA's current thinking and are thus not attempts to force Trader Joe's to do anything inconsistent or incompatible with federal food regulations. *See, e.g.*, *Kane v. Chobani, Inc.*, 12-CV-02425-LHK, 2013 WL 3703981, *16 (N.D. Cal. July 12, 2013) (rejecting similar preemption argument based on FDA guidance and warning letters because "Plaintiffs are not seeking to establish a requirement which is not identical to the FDA's requirements"); *Ivie v. Kraft Foods Global, Inc.*, 12-cv-02554-RMW, 2013 WL 685372, *12 (N.D. Cal. Feb. 25, 2013) ("The FDA's 2009 industry guidance statement is relevant to the issue of whether these labels could be deceptive or misleading to a reasonable consumer, and there is no risk of undermining the FDA's rulemaking expertise in allowing a fact finder to make this determination.").

At the pleading stage, the allegations regarding the FDA guidance and warning letters appear relevant to the subject of the litigation. The Court declines to strike the plaintiffs'

13

allegations regarding the FDA.

### E. The Primary Jurisdiction Doctrine

Trader Joe's argues that the claims regarding evaporated cane juice and soy milk should be dismissed or stayed under the primary jurisdiction doctrine. The primary jurisdiction doctrine "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable,* 523 F.3d 1110, 1114 (9th Cir. 2008).

Another Judge in this District recently declined to dismiss allegations regarding use of the term evaporated cane juice under the primary jurisdiction doctrine, explaining that "the FDA has issued guidance (albeit informal guidance) regarding whether ECJ is consistent with FDA requirement. At this stage, the Court is not persuaded that the Court will be required to resolve an issue of 'first impression' without the benefit of the FDA's opinion." *Kane*, 2013 WL 3703981, *17 (citation omitted); *see also Samet*, 2013 WL 3124647, *8 (N.D. Cal. June 18, 2013) (declining to dismiss evaporated cane juice claims under the primary jurisdiction doctrine). The Court likewise denies the motion to dismiss as to the evaporated cane juice claims under the primary jurisdiction doctrine in this case. The Court recognizes that other judges have concluded differently. *See, e.g., Hood v. Wholesoy & Co. et al.*, No. 12-cv-5550, 2013 WL 3553979 (N.D. Cal. July 12, 2013). However, for the reasons set out in this Order, and because the weight of authority in this District has declined to invoke the primary jurisdiction doctrine in cases nearly identical, if not identical, to this one, the Court is persuaded that abstention is unwarranted.

The Court also declines to dismiss the Soy Milk Claims under the primary jurisdiction doctrine. There is no evidence that the FDA is reconsidering the position regarding soy milk that it has expressed in its warning letters. Moreover, the Court is not convinced that the FDA's expertise is necessary to determine whether the labels are misleading. *See, e.g., Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012) (rejecting application of primary jurisdiction doctrine where "[t]he reasonable-consumer determination and other issues involved in Plaintiff's lawsuit are within the expertise of the courts to resolve").

14

### F. Motion to Strike

The plaintiffs make various allegations regarding the use of the terms "natural" or "all natural" on product labeling. FAC ¶¶ 58-67. But the plaintiffs have not alleged that the products at issue make any "natural" or "all natural" claims. Trader Joe's thus argues that the Court should "strike under Rule 12(f), as immaterial, those claims in paragraphs 58-67 that are limited to the 'all natural' allegation." Dkt. No. 35 at 22. As the plaintiffs make no claims regarding the terms "natural" or "all natural," those allegations have no bearing on this action and paragraphs 58-67 of the FAC are ordered stricken.

### G. The UCL unlawful prong claims

The plaintiffs allege that Trader Joe's business practices are unlawful under the UCL because of Trader Joe's violations of the Sherman Law. FAC ¶ 121. The unlawful prong of the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal citations and punctuation omitted). Plausible allegations that food labeling violates the Sherman Law are sufficient to state a claim under the unlawful prong of the UCL: "no more is required." *Trazo*, 2013 WL 4083218, *9 ("To state a claim under the 'unlawful' prong of the UCL, Plaintiffs must allege plausible facts supporting a finding that Nestle violated the Sherman Law.") (*citing Twombly*, 550 U.S. at 547.

#### 1. The Cane Juice Products

The plaintiffs allege two reasons that Trader Joe's use of evaporated cane juice is unlawful. *First*, the plaintiffs cite the FDA standard of identity for yogurt, 21 CFR § 131.200, for the proposition that "it is unlawful to use evaporated cane juice as an ingredient in yogurt." FAC ¶ 43. Trader Joe's responds that the FDA itself has recognized that evaporated cane juice is another name for "cane sirup,"[8] which is expressly permitted in yogurt. Trader Joe's is correct. 21 C.F.R. Section 131.200 states that "any of the sweeteners listed in part 168 of this chapter" are permitted in yogurt. In turn, 21 C.F.R. Section 168.130 lists "cane sirup" as one of those permitted

---

[8] "Alternatively, the word 'sirup' may be spelled 'syrup.'" 21 C.F.R. § 168.130.

sweeteners.

In their opposition, the plaintiffs argue that the *term* evaporated cane juice cannot be used in yogurt; it is irrelevant that it is a synonym for "cane syrup," which the plaintiffs concede is permitted in yogurt. The Court is not persuaded. The FDA standard of identity for yogurt governs what ingredients may be in products identified as yogurt; it does not govern what those ingredients may be *called*. Accordingly, as evaporated cane juice is another name for "cane sirup," which is a permissible ingredient in yogurt, the plaintiffs have not stated a plausible claim that the Cane Juice products violate the Sherman Law on that basis.

*Second*, the plaintiffs allege that the use of the term evaporated cane juice rather than sugar or syrup products violates 21 C.F.R. §§ 101.3 and 102.5, which prohibits manufacturers from referring to foods by anything other than their common and usual names. FAC ¶ 46. The FAC cites guidance and warning letters from the FDA indicating that the FDA policy "is that sweeteners derived from sugar cane syrup should not be declared as 'evaporated cane juice.'" *Id.* 47-49. The FDA's guidance and warning letters "support the conclusion that Defendant has violated the FDA's common and usual name regulations.[9] Because the Sherman Law incorporates federal standards, the FDA's statements support the conclusion that the Sherman Law's requirements have been violated as well." *Kane v. Chobani, Inc.*, 12-cv-02425-LHK, 2013 WL 3776172, *4 (N.D. Cal. July 15, 2013). Accordingly, the plaintiffs have stated plausible allegations that the use of the term evaporated cane juice violates the Sherman Law.

### 2. The Unspecified Products

As noted above, the FAC lacks any allegations regarding the Unspecified Products. The plaintiffs have thus failed to plead plausible allegations that the Unspecified Products violate the Sherman Law.

### 3. The Soy Milk Products

The plaintiffs allege that the labeling for Organic Soy Milk is unlawful because it does not contain milk from a cow, contrary to the FDA's standardized definition of milk, 21 C.F.R. Section

---

[9] As noted below, Trader Joe's argument that the guidance and warning letters are nonbinding is beside the point.

16

1 131.110, which defines milk as "the lacteal secretion, practically free from colostrum, obtained by
2 the complete milking of one or more healthy cows." *See* FAC ¶¶ 73-77. In support, the plaintiffs
3 cite two warning letters from the FDA to third parties where the FDA noted that it does "not
4 consider 'soy milk' to be an appropriate common or usual name because it does not contain
5 'milk.'" FAC ¶¶ 75-76. The warning letters in turn cite the FDA's standardized definition of milk
6 in 21 C.F.R. Section 131.110. FAC ¶¶ 76-77.

Trader Joe's argues that the warning letters cannot form a basis for the plaintiffs' claims because the warning letters "are not binding." Trader Joe's is correct that FDA warning letters are not binding. As the FDA Regulatory Procedures Manual states, "A Warning Letter is informal and advisory." FDA Regulatory Procedures Manual § 4-1-1; *see also CytoSport, Inc.*, 894 F. Supp. 2d at 1293-94 ("FDA warning letters are informal and advisory, and do not amount to an FDA action."); *Summit Technology, Inc. v. High-Line Medical Instruments, Co.*, 933 F.Supp. 918, 934 n.9 (C.D. Cal. 1996) ("FDA regulatory warning letters do not constitute final agency action"). But the unlawful violation alleged by the plaintiffs is that Organic Soy Milk violates 21 C.F.R. Section 131.110 because Organic Soy Milk does not contain cow's milk; not that Trader Joe's has violated the warning letters. As the warning letters are not binding and are advisory, they do not establish conclusively that Organic Soy Milk is misbranded in violation of 21 C.F.R. Section 131.110. However, in light of the warning letters, it is plausible that Organic Soy Milk is misbranded because it does not contain milk from a cow. This "nudge[s] [the plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

**H. The plaintiffs' causes of action**

The plaintiffs' first cause of action alleges a violation of the unlawful prong of the UCL. As stated above, the plaintiffs have adequately stated a claim that the Cane Juice and Soy Milk products violate the Sherman Law.

The plaintiffs second through sixth causes of action are based on violations of the unfair prong of the UCL (second cause of action), violations of the fraudulent prong of the UCL (third cause of action), misleading and deceptive advertising in violation of the False Advertising Law (fourth cause of action), untrue advertising in violation of the False Advertising Law (fifth cause

1  of action), and violations of the Consumers Legal Remedies Act (sixth cause of action). The
2  second through sixth causes of action are subject to the heightened pleading requirements of Rule
3  9(b) and the "reasonable consumer" test and all fall together. To the extent that they are based on
4  labeling associated with the Unspecified Products, Organic Lowfat Strawberry Yogurt, Enchilada
5  Sauce, or the No Additives Products, they are not pleaded with the requisite particularity. To the
6  extent that they are based on labeling associated with the Cane Juice or Soy Milk Products, they
7  fail the reasonable consumer test.

## CONCLUSION

Trader's Joe's motion to dismiss or, in the alternative, to strike, is GRANTED IN PART and DENIED IN PART. The motion to dismiss is DENIED as to the plaintiffs' first cause of action to the extent that it is predicated on violations of the Sherman Law. For the reasons stated, the plaintiffs have adequately pleaded that the Cane Juice and Soy Milk products violate the Sherman Law. The plaintiffs' second through sixth causes of action under the UCL, FAL and CLRA are DISMISSED WITH LEAVE TO AMEND. The plaintiffs' seventh cause of action for restitution is DISMISSED WITH PREJUDICE. Paragraphs 58-67 of the FAC are ordered stricken. The plaintiffs may file an amended complaint within 20 days of this Order. The Court expects that any amended complaint will follow the guidance set forth in this order, including as it relates to clearly setting forth which alleged products and representations relate to which theories of liability and which causes of action.

**IT IS SO ORDERED**.

Dated: October 4, 2013

_____
WILLIAM H. ORRICK
United States District Judge