UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY GITSON, et al.,

    Plaintiffs,

v.

TRADER JOE'S COMPANY,

    Defendant.

Case No. 13-cv-01333-VC

**ORDER TO SHOW CAUSE**

Plaintiffs Amy Gitson and Deborah Ross, both California residents, bring this putative class action against Defendant Trader Joe's Company, a California corporation. Plaintiffs allege that the labels on several Trader Joe's food products violate California law.

Plaintiffs allege that federal jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Trader Joe's has not contested this assertion. However, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Lack of subject matter jurisdiction "cannot be waived or . . . overcome by an agreement of the parties." *Id.* at 966-67; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

By no later than **June 2, 2014**, the parties are directed to file simultaneous briefs, not to exceed 12 pages, addressing whether the Court has subject matter jurisdiction over this action. At a minimum, the briefs should address, in whatever order the parties deem appropriate:

1. Whether two-thirds of the members of the proposed class are citizens of California. *See* 28 U.S.C. § 1332(d)(4)(B).

2. Whether the Court should exercise its discretion to decline jurisdiction if more than one-third but fewer than two-thirds of the potential class members are citizens of California. *See id.* § 1332(d)(3).

3. Whether the California statutes upon which Plaintiffs base their claims apply to

products bought by residents of other states from stores located in other states.

4. Whether, if the California statutes do not apply to transactions outside California, the Court has any basis to exercise jurisdiction.

To give the parties and the Court sufficient time to examine these issues, the hearing currently scheduled for May 29, 2014 is rescheduled for **June 26, 2014** at **1:30 p.m.**  At that hearing, the parties should be prepared to discuss issues related to subject matter jurisdiction as well as the pending motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 19, 2014

_____
VINCE CHHABRIA
United States District Judge