UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY GITSON, et al.,

        Plaintiffs,

   v.

TRADER JOE'S COMPANY,

        Defendant.

Case No. 13-cv-01333-VC

**ORDER**
Re: Dkt. Nos. 74, 82

Plaintiffs Amy Gitson and Deborah Ross bring this putative class action against Defendant Trader Joe's Company ("Trader Joe's"), alleging that several Trader Joe's food products are misleadingly labeled. On March 24, 2014, Trader Joe's moved to certify the Court's March 14, 2014 order for interlocutory appeal. (Docket No. 74). And on April 24, 2014, Trader Joe's moved to dismiss the plaintiffs' third amended complaint. (Docket No. 82). In connection with these motions, the Court ordered supplemental briefing on whether the plaintiffs may pursue their California law claims on behalf of a nationwide class. (Docket No. 93).

## DISCUSSION

**A. Nationwide Class Claims**

After reviewing the parties' briefs, the Court finds that the class allegations should not be stricken at this stage. The allegations in this case are similar to those at issue in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012). As explained in that decision, there are substantial differences among state consumer protection laws. *See id.* at 591. And based on *Mazza*'s reasoning, the state in which a food product was purchased has the greatest interest in applying its law to consumer protection claims arising out of that purchase. *See id.* at 593-94.

But variations in state consumer protection law "do not necessarily preclude" class claims in this case. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Although *Mazza*

held that the plaintiffs in that case could not bring California consumer protection claims on behalf of a nationwide class, the Ninth Circuit did not dismiss the class claims. Rather, it remanded to the district court to determine whether to certify a California-only class or "a class with members more broadly but with subclasses for class members in different states, with different jury instruction for materially different bodies of state law." *Mazza*, 666 F.3d at 595. Under Ninth Circuit law, then, at least in certain circumstances, a consumer protection class action can proceed under the laws of multiple states, and it appears from the remand instructions in *Mazza* that the failure to identify the appropriate subclasses at the outset of the case is not fatal. *Cf. Ellsworth v. U.S. Bank, N.A.*, No. 12-02506 (LB), 2014 WL 2734953, at *21 (N.D. Cal. June 13, 2014) (granting class certification where the relevant "laws of the various states [were] capable of being organized into groups with similar legal regimes"). Therefore, although it is a close question and the law is not clear on the matter, the Court will not strike the nationwide class claims at the pleading stage. To be sure, at the class certification stage, the plaintiffs will "bear[ ] the burden of demonstrating a suitable and realistic plan for trial of the class claims." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) (internal quotation marks omitted). At this stage, however, it is sufficient that it is plausible that they could do so. *See, e.g.*, *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012).

**B. Interlocutory Appeal**

Judge Orrick previously held that the plaintiffs have standing—at least at this stage—to assert claims based on products they did not purchase, so long as these products are "substantially similar" to the products they allege they did purchase. Trader Joe's requests that the Court certify this ruling for interlocutory appeal to the Ninth Circuit, arguing that the issue is a controlling question of law, upon which reasonable jurists disagree, the resolution of which would materially advance this litigation. But there is no question that the plaintiffs have standing to assert their claims with respect to the products they did purchase. And the key questions in this case are the

2

same regardless of the number of products at issue. The plaintiffs' claims are based on the product labels. If the labels at issue are sufficiently similar—and Judge Orrick held they are—by establishing that any of the labels were misleading, the plaintiffs would necessarily establish that all labels with the same representations were misleading. Therefore, it is unlikely that discovery (or any other aspect of the case) will require substantial product-specific inquiry. Rather, the course of the lawsuit is likely to be more or less the same, regardless of how many products are at issue. "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994). Because a decision from the Ninth Circuit would not materially advance this lawsuit, the motion for interlocutory appeal is denied.

### C. Primary Jurisdiction

In 2009, the FDA issued draft guidance on the use of the term "evaporated cane juice," which "advise[d] the regulated industry of [the] FDA's view that the term 'evaporated cane juice' is not the common or usual name of any type of sweetener, including dried cane syrup." *See* Food & Drug Admin., Draft Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Availability, 74 Fed. Reg. 51610 (Oct. 7, 2009). The agency did not revisit the issue for years, until March of 2014, when it reopened the comment period on this guidance and announced its intent to, following review of the comments, "revise the draft guidance" and "if appropriate, . . . issue it in final form." *See* Food & Drug Admin., Draft Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Reopening of Comment Period; Request for Comments, Data, & Information, 79 Fed. Reg. 12507 (March 5, 2014). Because the FDA appears to be actively considering the lawfulness of the use of the term "evaporated cane juice" on food labels, it makes sense to stay the plaintiffs' evaporated cane juice claims to see if the agency does, in fact, issue final guidance on the issue. Several other courts in this district have done the same. *See Figy v. Amy's Kitchen, Inc*, No. 13-03816 (SI), 2014 WL 3362178, at *3 (N.D. Cal. July 7, 2014)

3

(collecting cases).  If the FDA decides not to issue such guidance, or if substantial time passes without further FDA action, the Court will reconsider whether a stay remains appropriate. Because it would be a waste of judicial and party resources to carry out this lawsuit piecemeal, the plaintiffs' other claims are also stayed.

## CONCLUSION

The Court will not strike the plaintiffs' class claims at this time.  The motion for interlocutory appeal is denied.  The case is stayed pending the FDA's evaluation of the use of the term "evaporated cane juice."  The parties are directed to inform the Court within ten days of any FDA action on this issue.  The motion to dismiss is denied without prejudice to refiling once the stay is lifted.  The parties are directed to appear for a case management conference on November 4, 2014.  If the FDA has not issued final guidance by that time, the Court will consider whether to lift the stay.

**IT IS SO ORDERED.**

Dated: August 7, 2014

VINCE CHHABRIA
United States District Judge