1  CARLA CHRISTOFFERSON (S.B. #161111)
   cchristofferson@omm.com
2  ADAM G. LEVINE (S.B. #200522)
   alevine@omm.com
3  KATE IDES (S.B. #274820)
   kides@omm.com
4  DANIEL J. FARIA (S.B. #285158)
   dfaria@omm.com
5  O'MELVENY & MYERS LLP
   400 South Hope Street
6  Los Angeles, California  90071-2899
   Telephone:    (213) 430-6000
7  Facsimile:    (213) 430-6407

8  RANDALL W. EDWARDS (S.B. #179053)
   redwards@omm.com
9  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
10 San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
11 Facsimile:    (415) 984-8701

12 Attorneys for Defendant
   Trader Joe's Company

13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16                         **SAN FRANCISCO DIVISION**

17

18 | AMY GITSON *et al.*, | Case No. 13-CV-1333 VC |

19 |         Plaintiffs, | **JOINT STATUS UPDATE RE: SCHEDULING OF MANDATORY SETTLEMENT CONFERENCE AND [PROPOSED] ORDER** |

20 |     v. | |

21 | TRADER JOE'S COMPANY, | Judge:    Hon. Joseph C. Spero |

22 |         Defendant. | TAC Filed:    April 3, 2014<br>Trial Date:    March 23, 2015 |

23

24

25

26

27

28

1    Plaintiffs Amy Gitson and Deborah Ross and Defendant Trader Joe's Company
(collectively, the "Parties"), respectfully submit this joint status update regarding the scheduling
of the mandatory settlement conference in this matter.

On April 28, 2014, the Parties submitted a joint stipulation requesting that this Court
vacate the settlement conference scheduled for May 5, 2014. At that time, Trader Joe's had two
motions pending before Judge Chhabria—a motion to dismiss Plaintiffs' Third Amended
Complaint (Dkt. No. 82) and a motion to certify for interlocutory appeal (Dkt. No. 74). A central
issue raised by both motions was whether Plaintiffs have standing to assert claims as to
approximately 177 products they did not purchase. At the time the Parties submitted the joint
stipulation, they did not believe they were in the position to engage in meaningful settlement
discussions until this issue was resolved. On April 28, 2014, this Court vacated the May 5, 2014
settlement conference and continued it until a date approximately 60 days after the entry of an
order on Trader Joe's motion to dismiss, or 60 days after entry of an order on Trader Joe's motion
to certify for interlocutory appeal, whichever came later.

On August 8, 2014, Judge Chhabria entered a single order on both motions. (Dkt. No.
101.) The sum of this order is that Judge Chhabria denied the motion for interlocutory appeal as
to the issue of whether Plaintiffs have standing to assert claims as to approximately 177 products
they did not purchase. (*Id*. at 2-3.) As to Trader Joe's motion to dismiss, he stayed the entire case
on primary jurisdiction grounds until at least November 4, 2014 because the FDA "appears to be
considering the lawfulness of the use of the term 'evaporated cane juice' on food labels" (*id*. at 3-
4), and denied the remainder of Trader Joe's motion to dismiss without prejudice to re-filing once
the stay is lifted (*id*. at 4).

The Parties are in nearly the same situation as when they last requested a continuance of
the settlement conference scheduled in this matter. Notably, the operative pleadings in this matter
remain unsettled as Trader Joe's intends to refile its motion to dismiss the Third Amended
Complaint once the stay is lifted and a central issue raised by that motion will be whether the
Plaintiffs have standing to assert claims as to approximately 177 products they did not purchase,

- 1 -

JOINT STATUS UPDATE RE:
SCHEDULING OF SETTLEMENT
CONFERENCE;
13-CV-1333 VC

1  and Defendant believes the FDA may issue a guidance relevant to Plaintiffs' claims regarding the
2  use of "evaporated cane juice," as recognized by Judge Chhabria in his August 8, 2014 order.
3  (See Dkt. No. 101 at 3.) Given such, the Parties do not believe they are in the position to schedule
4  a settlement conference at this time, and so the Parties propose that within 10 days of the
5  November 4, 2014 Case Management Conference, where at Judge Chhabria will consider the
6  propriety of maintaining the stay, they will jointly submit a status update wherein they will report
7  on (1) the status of the stay; (2) if the stay is lifted, whether Trader Joe's intends to re-file its
8  motion to dismiss the third amended complaint and, if so, by which date the Parties anticipate the
9  motion will be resolved; and (3) if the stay is lifted and Trader Joe's refiles its motion to dismiss
10 the Third Amended Complaint, the date by which the Parties will jointly contact Judge Spero's
11 chambers to select a settlement conference date.

Dated:  August 29, 2014

O'MELVENY & MYERS LLP

By:     s/ Kate Ides
        Kate Ides
Attorneys for Defendant
Trader Joe's Company

Dated:  August 29, 2014

CLIFFORD LAW OFFICES, P.C.

By:     s/ Colin H. Dunn
        Colin H. Dunn
Attorneys for Plaintiffs
Amy Gitson and Deborah Ross

## [~~PROPOSED~~] ORDER

Having reviewed the Parties' joint status update regarding the scheduling of the mandatory settlement conference in this matter, it is hereby ordered that within 10 days of the November 4, 2014 Case Management Conference, where at Judge Chhabria will consider the propriety of maintaining the stay, the Parties will jointly submit a status update to this Court wherein they will report on (1) the status of the stay; (2) if the stay is lifted, whether Trader Joe's

- 2 -

1  intends to re-file its motion to dismiss the third amended complaint and, if so, by which date the
2  Parties anticipate the motion will be resolved; and (3) if the stay is lifted and Trader Joe's refiles
3  its motion to dismiss the Third Amended Complaint, the date by which the Parties will jointly
4  contact Judge Spero's chambers to select a settlement conference date.

6  **IT IS SO ORDERED.**

8  Dated: __09/02/14_____                    _____
                                                      THE HONORABLE JOSEPH C. SPERO

**SIGNATURE ATTESTATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from each of the other signatories to this document.

Dated: August 29, 2014

        CARLA CHRISTOFFERSON
        RANDALL W. EDWARDS
        O'MELVENY & MYERS LLP

        By:   s/ Kate Ides
                Kate Ides
        Attorneys for Defendant
        Trader Joe's Company