| | |
|---|---|
| Ben F. Pierce Gore (S.B. #128515)<br>PRATT & ASSOCIATES<br>1871 The Alameda, Suite 425<br>San Jose, CA 95126<br>Telephone: (408) 429-6506<br>Facsimile: (408) 369-0752<br>pgore@prattattorneys.com<br><br>Colin H. Dunn (Pro Hac Vice)<br>CLIFFORD LAW OFFICES, PC<br>120 North LaSalle, 31st Floor<br>Chicago, IL 60602<br>Telephone: (312) 899-9090<br>Facsimile: (312) 251-1160<br>chd@cliffordlaw.com<br><br>Attorneys for Plaintiffs | DAWN SESTITO (S.B. #214011 )<br>dsestito@omm.com<br>ADAM G. LEVINE (S.B. #200522)<br>alevine@omm.com<br>KATE IDES (S.B. #274820)<br>kides@omm.com<br>DANIEL J. FARIA (S.B. #285158)<br>dfaria@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, California  90071-2899<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br><br>RANDALL W. EDWARDS (S.B. #179053)<br>redwards@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA  94111-3823<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br><br>Attorneys for Defendant<br>Trader Joe's Company |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY GITSON and DEBORAH ROSS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>       Defendant. | Case No. 13-CV-1333 VC<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:          Hon. Vince Chhabria<br>Action Filed:  March 25, 2013<br><br>Hearing Date:  June 23, 2015<br>Hearing Time:  10:00 am |

In advance of the Case Management Conference presently scheduled for June 23, 2015, at 10:00 am, the parties to the above-entitled action jointly submit this Supplemental Joint Case Management Statement pursuant to Local Rule 16-10(d).

**1. Background**

This is a putative class action brought by Plaintiffs on behalf of a nationwide class of consumers who allegedly purchased over 183 misbranded products sold by Defendant Trader Joe's Company. Specifically, in their Third Amended Complaint, Plaintiffs allege that Defendant Trader Joe's (1) failed to disclose "added sugar" by listing a sweetener as "evaporated cane juice," (2) used ingredients that function as chemical preservatives and/or artificial flavors, but failed to disclose the use of such ingredients, and (3) mislead consumers by describing soy milk as "soy milk." (Dkt. No. 76.)

On August 8, 2014, this Court ruled, in part, on Trader Joe's motion to dismiss the Third Amended Complaint and issued an order staying the entire litigation on primary jurisdiction grounds given the FDA is considering "the lawfulness of the use of the term 'evaporated cane juice' on food labels." (Dkt No. 101 at 3-4.) The remainder of Trader Joe's motion to dismiss was denied without prejudice to refiling once the stay is lifted. (*Id*. at 4.) The Court also denied Trader Joe's 1292(b) motion to certify Judge Orrick's order denying Trader Joe's motion to dismiss claims as to unpurchased products on Article III standing grounds. (*Id*. at 2-3.) In the same order, this Court also instructed the parties that it would consider whether to lift the stay at the case management conference to be held in November. (*Id*. at 4.) In advance of that case management conference, the parties submitted a supplemental joint status conference statement. (Dkt. No. 105.)

In that statement, Plaintiffs requested the stay be lifted in light of Plaintiffs' position that there had been 8 months of FDA inactivity on its reopening the ECJ comment period and uncertainty as to whether the FDA would act at all. Plaintiff also requested that the stay be lifted as to the non-ECJ claims that will admittedly be unaffected by the FDA's action. Trader Joe's, however, requested that the Court continue the stay until some date in March 2015. (*Id*. at 2.) On

November 13, 2014, this Court rescheduled the case management conference for March 24, 2015, and, thereby, continued the stay an additional five months. (Dkt. No. 106.)

In advance of the case management conference scheduled for March 24, 2015, the parties submitted a supplemental joint status conference statement and joint stipulation wherein Plaintiffs agreed to one additional 90-day stay. (Dkt. No. 111.) This Court entered the parties' joint stipulation and reset the case management conference to June 23, 2015. (Dkt. No. 113.)

**2. Parties' Separate Statements on Continuance of the Stay**

**a. Plaintiffs' Separate Statement**

Over a year has passed since the FDA reopened the comment period. Since the FDA hasn't acted, a stay is no longer justified under the primary jurisdiction doctrine since there's no reason to believe the FDA is going to reverse its 15-year position that use of the term ECJ is improper. S*ee Reid v. Johnson & Johnson*, No. 12-56726, slip op. at 26-8 (9th Cir. March 13, 2015) (recognizing doctrine doesn't apply when FDA has already taken a position on an issue via warning letters and hasn't given any indication it would reverse its long-standing position).

On June 11, 2015, Judge Gonzales-Rodgers entered a tentative ruling in *Reese v. Odwalla, Inc.*, 13-cv-947 YGR, indicating that the Court was "inclined to lift the stay, consider argument on the remaining issues in Defendants' motion to dismiss…, and issue a ruling on those remaining issues without requiring that the motion to dismiss be re-noticed or re-filed." (Dkt. No. 71).

There is no reason to continue to wait for the FDA. So this Court should lift the stay and order Defendant to re-file its motion to dismiss Plaintiffs' Third Amended Complaint to conform with this Court's prior ruling denying Defendant's 1292(b) motion to certify.

**b. Defendant's Separate Statement**

Trader Joe's requests that the Court maintain the stay in this action and continue the currently scheduled case management conference for at least 90 days. Several recent developments—including an update from the FDA and two recent orders by Judge Chen—counsel in favor of continuing the stay.

There has been no change in circumstances to warrant lifting the stay. The Court stayed this action for two reasons. First, because it appeared the FDA "is actively considering the lawfulness of the use of the term 'evaporated cane juice' on food labels." (Dkt. No. 101 at 3.) And, second, "to see if the agency does, in fact, issue final guidance on the issue." (Id.) These same two reasons justify leaving the stay intact. Indeed, just this week, an FDA spokesperson was reported as stating that the FDA is "working to finalize our draft guidance for industry titled 'Ingredients Declared as Evaporated Cane Juice.'" *See* Elaine Watson, *Judge to FDA: When Are You Going to Make a Decision on Evaporated Cane Juice Labeling?*, Food Navigator-USA, June 15, 2015, at http://www.foodnavigator-usa.com/Regulation/Judge-to-FDA-Make-a-decision-on-evaporated-cane-juice-labeling. While the FDA did not provide a date certain by which the final guidance would be issued, this statement demonstrates that the FDA continues to actively consider the lawfulness of the term ECJ *and* that the FDA intends to issue a final guidance. *Id*.

Moreover, even if this Court is not inclined to continue the stay in light of the FDA's June 15, 2015 statement, the stay should be continued at least to allow the FDA to respond to Judge Chen's referrals in two related matters—*Swearingen v. Healthy Beverage LLC*, No. C-13-4385 EMC, and *Swearingen v. Late July Snacks LLC*, No. C-13-4324 EMC. In both cases, Judge Chen ordered the plaintiff to serve a referral on the Commissioner of the FDA instructing him to "inform the Court whether a final determination regarding ECJ 'is feasible within agency priorities and resources'" *and* inform the Court "if the FDA is likely to issue any further guidance regarding ECJ within the next 180 days." *See Healthy Beverage*, Dkt. No. 72 at 1; *Late July Snacks*, Dkt. No. 78 at 1. Just about a month ago, the plaintiff in *Healthy Beverage* and *Late July Snacks* served Judge Chen's referrals on the Commissioner. *See Healthy Beverage*, Dkt. No. 73 (serving referral on May 19, 2015); *Late July Snacks*, Dkt. No. 79 (serving referral on May 19, 2015). Accordingly, Trader Joe's anticipates that the Commissioner will respond shortly and believes it would be premature to lift the stay when a statement from the FDA is forthcoming.

Plaintiffs provide no basis to lift the stay except the further passage of time. They do not point to changed circumstances (including stays lifted in analogous matters involving ECJ

claims).[1] They do not point to any express statements on behalf of the FDA demonstrating an intent to forego issuing a final guidance. And they do not point to any prejudice that Plaintiffs will suffer should the stay remain in place. Moreover, the only authority relied on—*Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015)—does not demand that a stay be lifted simply because the FDA has not acted within a prescribed period of time, *e.g.*. one year. Rather, *Reid* stands for the proposition that the primary jurisdiction doctrine should not preclude litigation of certain labeling issues where the agency has resolved its position and is not actively considering the issue. *Id.* at 966-67. Here, in contrast, the FDA has not finalized its position, is actively considering this issue, and, as of June 15, 2015, has demonstrated an intent to issue a final guidance.

Separately, continuing the stay is further warranted pending resolution of the Ninth Circuit appeals in *Jones v. ConAgra Foods, Inc.*, No. 14-16327, and *Brazil v. Doe Packaged Foods*, No. 14-17840. These appeals will address, among other issues, how and whether Rule 23's ascertainability and predominance standards can be met in food labeling cases (particularly where individual class members have no meaningful way of tracking their food purchases and have materially different understandings of food labeling claims), as well as how damages are calculated in food labeling cases and the standing requirements applicable under the UCL, CLRA, and FAL. *See Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-BLF, 2015 U.S. Dist. LEXIS 73269, at *8-9 (N.D. Cal. June 5, 2015). Judge Freeman recently stayed an analogous matter on this ground. *Id.* at *9-12. Judge Freeman reasoned, that absent a stay, "the parties would be in danger of expending resources needlessly if the case were to go forward now only to have the legal landscape change significantly when the Ninth Circuit issues its decisions in *Jones* and *Brazil*." *Id.* at *11. And, that "it cannot be disputed that guidance from the Ninth Circuit would aid in the orderly, just resolution of this case." *Id.* In contrast, the plaintiff in *Leonhart* could not point to any harm she would suffer as a result of the stay. *Id.* This same reasoning applies here and counsels against lifting the stay.

---

[1] To date, Trader Joe's is not aware of any case involving ECJ claims where the stay has been lifted.

To the extent this Court is inclined to lift the stay, Trader requests that a hearing be set on its motion to dismiss, which was denied without prejudice to refiling if and when the stay is lifted. (Dkt. 101 at 4.) Contrary to Plaintiffs' position, none of the arguments asserted in Trader Joe's motion to dismiss are barred by prior orders of Judge Orrick or this Court's order denying Trader Joe's motion for interlocutory appeal. Moreover, it is inappropriate for Plaintiffs to seek in a case management statement a ruling on Trader Joe's motion to dismiss.

**3. Additional Updates**

In addition to the preceding update and request for a further stay, the parties supplement their prior joint case management statement on the following subject:

    **a.    Settlement & ADR:**

When this matter was before Judge William H. Alsup, the parties were ordered to participate in a mandatory settlement conference with Magistrate Judge Joseph C. Spero. Pursuant to Judge Spero's Order entered on April 6, 2015, the scheduling of that mandatory settlement conference has been continued until a date after the stay has been lifted and Trader Joe's motion to dismiss the Third Amended Complaint has been resolved. (Dkt. No. 115 at 4.)

Dated: June 16, 2015

O'MELVENY & MYERS LLP

By:    s/ Adam G. Levine
       Adam G. Levine
Attorneys for Defendant
Trader Joe's Company

Dated: June 16, 2015

CLIFFORD LAW OFFICES, P.C.

By:    s/ Colin H. Dunn
       Colin H. Dunn
Attorneys for Plaintiffs
Amy Gitson and Deborah Ross

1 | **SIGNATURE ATTESTATION**

2 | The filing attorney attests that he has obtained concurrence regarding the filing of this
3 | document from each of the other signatories to this document.

4

5 | Dated: June 16, 2015

O'MELVENY & MYERS LLP

6 | By:  s/Adam G. Levine
Adam G. Levine
7 | Attorneys for Defendant
Trader Joe's Company